Nanette SULLIVAN

v.

**PRUDENTIAL INSURANCE CO. OF AMERICA, et al.**

No. CV 05–4005AHMRCX.

United States District Court, C.D. California.

Dec. 1, 2005.

**574**

Ronald Dean, attorney-at-law, Pacific Palisades, CA, for plaintiff.

Nicole E. Lucy, A. Louis Dorney, attorneys-at-law, Wilson, Elser, Moskowitz Edelman & Dicker, Los Angeles, CA, for Defendant.

CHAPMAN, United States Magistrate Judge.

## PROCEEDINGS: ORDER DENYING DEFENDANT'S REQUEST FOR A PROTECTIVE ORDER

On November 8, 2005, defendant Prudential Insurance Company of America ("Prudential") filed a notice of motion and motion for a protective order, a joint stipulation, and the supporting declaration of Nicole E. Lucy with exhibits. Oral argument was held before Magistrate Judge Rosalyn M. Chapman on November 30, 2005. Corinne Chandler, attorney-at-law with the firm Kantor & Kantor, appeared on behalf of plaintiff and Nicole E. Lucy and A. Louis Dorny, attorneys-at-law with the firm Wilson, Elser, Moskowitz Edelman & Dicker, appeared on behalf of Prudential.

## BACKGROUND

### I

Plaintiff Nanette Sullivan was employed by Sony Pictures Entertainment, Inc. and, as such, participated in Sony's long term disability plan, which is an employee welfare benefit plan under the Employee Retirement Income Security Act of 1974 ("ERISA").

Complaint, ¶¶ 3–4. Prudential is the administrator of Sony's ERISA Plan, as well as the ERISA Plan's insurer. Complaint, ¶ 4.

Plaintiff suffers from fibromyalgia and chronic pain, which by August 21, 2001, allegedly "became so severe that she was no longer able to work, even with the many accommodations Sony had provided to her." Complaint, ¶ 5. Although plaintiff was granted Social Security disability benefits as of August 21, 2001, Prudential found that plaintiff was not disabled during the six months following August 21, 2001, and, as recently as January 24, 2005, continued to find plaintiff is not disabled. Complaint, ¶¶ 7–9. Plaintiff seeks a declaration that she meets the ERISA Plan's definitions of "disability" from February 16, 2002, through the present, and award of benefits from that date to the present, including interest, reasonable attorney's fees and other relief.

### II

On August 23, 2005, plaintiff served on Prudential interrogatories and requests for production of documents, which generally address three areas: (1) the ERISA Plan language affording Prudential discretion to interpret the ERISA Plan, and in particular whether the Summary Plan Description is part of the ERISA Plan; (2) the California Department of Insurance's review and/or approval of the ERISA Plan language, and in particular the Summary Plan Description; and (3) the medical records pertaining to plaintiff that Prudential sent to Dr. Wallace for evaluation. Prudential objects to, and has declined to respond to, the discovery propounded by plaintiff, and seeks a protective order under Fed.R.Civ.P. 26(c), arguing that since the Court's decision is based upon a review of the existing administrative record, discovery beyond the record is irrelevant.

## DISCUSSION

Rule 26(b)(1) permits discovery in civil actions of "any matter, not privileged, that is relevant to the claim or defense of any party...." Generally, the purpose of discovery is to remove surprise from trial prepara-

tion so the parties can obtain evidence necessary to evaluate and resolve their dispute. *Oakes v. Halvorsen Marine Ltd.,* 179 F.R.D. 281, 283 (C.D.Cal.1998). The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975); *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.,* 135 F.R.D. 101, 104 (D.N.J.1990).

 Federal Rule of Civil Procedure 26(c) governs the granting of a protective order, which should be granted when the moving party establishes "good cause" for the order and "justice requires [a protective order] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements. *Skellerup Indus. Ltd. v. City of Los Angeles,* 163 F.R.D. 598, 600 (C.D.Cal.1995); *Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D.Cal.1990). "Even if 'good cause' for a protective order is shown, the court must still balance the interests in allowing discovery against the relative burdens to the parties (and nonparties)." Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,* § 11:90 (1999 rev.).

 The Court, having reviewed all documents, finds that the three, limited areas of discovery plaintiff seeks are all relevant under Rule 26(b)(1) to the claims and defenses raised by the parties in the pending action. First, the discovery plaintiff has propounded is both limited in its scope and relevant to the Court's initial task of determining what standard of review to apply in this matter. *See, e.g., Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *Grosz–Salomon v. Paul*

*Revere Life Ins. Co.,* 237 F.3d 1154, 1158–1162 (9th Cir.2001). Second, regardless of the standard of review the Court determines to apply in this matter, to understand or evaluate Prudential's decision, the Court must know exactly what documents Prudential relied upon in making its decision, and since those documents include the opinions of medical consultants, a fortiori, the Court must know exactly what records Prudential provided its medical consultants to use in forming their opinions. Finally, due to the limited scope of plaintiff's discovery, it should not be a burden for Prudential to respond to the discovery. However, in this regard, Prudential contended for the first time at oral argument that Request nos. 22 and 23 would be burdensome to respond to, and seek information of limited relevancy.[1] After reviewing these requests and considering Prudential's argument, the Court finds Request nos. 22 and 23 seek irrelevant information and would be burdensome to respond to; thus, the Court will exclude Request nos. 22 and 23 from its Order.

For the foregoing reasons, the Court finds Prudential has not shown good cause for the issuance of a protective order barring the discovery propounded by plaintiff, other than Request nos. 22 and 23, and Prudential's motion for a protective order IS **DENIED**. Defendant Prudential **shall** respond to plaintiff's discovery, **except** Request nos. 22 and 23, no later than December 29, 2005.

---

1. Request no. 22 seeks court decisions opining "on whether the phrase 'when Prudential determines' is or is not sufficient to grant Prudential discretionary authority ... under ERISA" and Request no. 23 seeks "any stipulation filed in any court in the United States in which Prudential, in whole or in part, made an agreement as to whether the phrase 'when Prudential determines' is or is not sufficient to grant Prudential discretionary authority ... under ERISA." At oral argument, counsel for Prudential stated that, in this action, Prudential does **not** claim that the phrase "when Prudential determines" is sufficient to grant Prudential discretionary authority under ERISA; thus, this information is of limited relevancy.