Julius **GRAY** and Leroy William Rode-
wald, on behalf of themselves and all
others similarly situated, Plaintiffs,

v.

**FIRST WINTHROP CORPORATION, et
al., Defendants.**

No. C-90-2600 JPV.

United States District Court,
N.D. California.

Oct. 25, 1990.

Elizabeth Joan Cabraser, Richard M.
Heimann, and Marilyn Kaplan, Lieff, Ca-
braser & Heimann, San Francisco, Cal., for
individual and representative plaintiffs.

Boake Christensen, Mary T. Huser, and
Rhonda L. Donato, McCutchen, Doyle,
Brown & Enersen, San Francisco, Cal., for
defendant KPMG Peat Marwick.

Barbara L. Moore, Cooley, Manion,
Moore & Jones, P.C., Boston, Mass., for
Winthrop defendants.

David C. Phillips and Mark L. Musto,
Goldstein & Phillips, San Francisco, Cal.,
for defendant Rudnick & Wolfe.

Robert W. Fischer, Jr., Lee Smalley Ed-
mon, and Eileen Spadoni, Dewey Ballan-
tine, Los Angeles, Cal., for defendants Gen.
Elec. Co., Gen. Elec. Pension Fund, and
Arthur S. Bahr, as Trustee of Gen. Elec.
Pension Trust.

### MEMORANDUM AND ORDER DENYING MOTION TO STAY DISCOVERY

VUKASIN, District Judge.

### INTRODUCTION

Defendants' Motion to Stay Discovery
was scheduled to be heard on October 25,
1990. After a review of the briefs, this
court considered it appropriate to submit
the motion on the pleadings pursuant to
Local Rule 220–1, and now DENIES the
motion.

### BACKGROUND

This is a securities class action arising
out of a real estate limited partnership.
Plaintiffs, who are investors in the limited
partnership, allege numerous federal and
common law claims against defendants,
who are the offeror and other parties in-
volved in the limited partnership.

Plaintiffs filed the complaint on Septem-
ber 10, 1990, and soon thereafter served
document requests and interrogatories on
the defendants. The requested discovery
is due between October 26 and November
1, 1990, and five depositions have been
noticed for November 9, 1990. Meanwhile,
certain of the defendants have already
moved for dismissal, with a hearing set on
November 8, 1990, and additional defen-

dants have represented to this court that they intend to move for dismissal when they respond to the complaint on October 30, 1990.

In the instant motion, all but two defendants seek a stay of discovery pending disposition of the motions to dismiss and pending class certification. This motion is being heard on shortened notice which provided, however, for a full briefing schedule.

## DISCUSSION

Defendants argue that they are likely to prevail on motions to dismiss, and that a class is unlikely to be certified, and that therefore discovery is premature, burdensome, and inefficient. Essentially what defendants seek in this motion is an opportunity to litigate prematurely the sufficiency of the complaint and the appropriateness of class certification. The moving papers are in great part repetitious—and unsubstantiated—avowals that the complaint will be dismissed and that a class will not be certified. This approach goes against the purpose of the federal discovery rules, and will not be allowed.

### 1. General Considerations in a Motion to Stay Discovery.

The district court has considerable latitude under Fed.R.Civ.Pro. 26(c) to craft protective orders during discovery. Such orders are only appropriate, however, upon a showing of "good cause" by the party seeking the order. *Id.* A party seeking a stay of discovery carries the heavy burden of making a "strong showing" why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements. *See* Wright & Miller, *Federal Practice and Procedure* § 2035; A.W. Tashima & J. Wagstaffe, *Federal Civil Procedure Before Trial* § 11:88.

Defendants have done no more than to argue in conclusory fashion that their motions to dismiss—some of which are yet to be filed—will succeed, and that plaintiff class will not be certified. Idle speculation

does not satisfy Rule 26(c)'s good cause requirement. Such general arguments could be said to apply to any reasonably large civil litigation. If this court were to adopt defendants' reasoning, it would undercut the Federal Rules' liberal discovery provisions. The motions referred to by defendants will be decided in due course; in the meantime, defendants may only seek to attack the discovery requests by means of objections, if appropriate, as provided in the Federal Rules.

### 2. Stay Pending Disposition of Motion to Dismiss.

■ The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at 461. Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation. Under Rule 33, for instance, interrogatories may be served at the same time as the summons and complaint. Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions.

Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, *cf. Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not such a case.

### 3. Stay Pending Class Certification.

■ Again, the initial point on this issue is that the Federal Rules could easily have provided for a stay pending class certifica-

tion, but they do not. It is also important to bear in mind the nature of class action discovery. Discovery relating to class certification is closely enmeshed with merits discovery, and in fact cannot be meaningfully developed without inquiry into basic issues of the litigation. *See Manual for Complex Litigation 2d* § 30.12 (1985). An order staying discovery pending class certification would be unworkable, since plaintiffs must be able to develop facts in support of their class certification motion. An order restricting discovery to class issues would be impracticable because of the closely linked issues, and inefficient because it would be certain to require ongoing supervision of discovery.

*4. No Findings on Merits.*

Finally, it should be noted that by this Order, the court makes no findings whatsoever on the merits of the prospective motions to dismiss or for class certification.

## ORDER

In accordance with the foregoing discussion, defendants' Motion to Stay Discovery is HEREBY DENIED.

IT IS SO ORDERED.