**SKELLERUP INDUSTRIES LIMITED, a New Zealand Corporation, Plaintiff,**

v.

**CITY OF LOS ANGELES, a Municipal Corporation, and Bridgestone Engineered Products Company, Inc., a Delaware Corporation, Defendants.**

**No. CV 95–3675–RG (RMCx).**

United States District Court, C.D. California.

Sept. 25, 1995.

Marcia Haber Kamine, Assistant City Attorney, Los Angeles, CA, for movant.

Alan B. Clark, Latham & Watkins, Los Angeles, CA, James W. Dabney, Pennie & Edmonds, New York City, for respondent.

MEMORANDUM DECISION AND ORDER RE DEFENDANT CITY OF LOS ANGELES' MOTION FOR PROTECTIVE ORDER

CHAPMAN, United States Magistrate Judge.

On August 14, 1995, defendant City of Los Angeles (hereafter defendant City) filed a Notice of Motion and Motion for Protective Order; Declaration of Marcia Haber Kamine; and exhibits in support thereof. On the same date, defendant City, pursuant to Federal Rules of Evidence 201, filed a Request for Judicial Notice, requesting notice of defendant City's Motion to Dismiss, filed on July 24, 1995. Defendant City seeks the stay of all discovery pending resolution of its Motion to Dismiss under Fed.R.Civ.P. 12(b)(6), which is scheduled to be heard by the District Judge on October 2, 1995. On September 15, 1995, plaintiff Skellerup Industries Limited (hereafter plaintiff) filed a "Supplemental" Memorandum in opposition to defendant City's motion; and the declaration of James W. Dabney.

It does not appear that counsel for the parties complied with Local Rule 7.15.1; and there is no document setting forth the stipulated contentions regarding defendant City's Motion to Dismiss.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 1, 1995, plaintiff filed a complaint in the nature of mandamus and for declaratory, injunctive and monetary relief against defendant City and defendant Bridgestone Engineered Products Company, Inc. (hereafter defendant Bridgestone), alleging diversity jurisdiction and the amount in controversy exceeding $50,000.00. Plaintiff asserts two causes of action against defendant City and four causes of action against defendant

Bridgestone. Against defendant City, plaintiff alleges that defendant City violated certain provisions of its charter in awarding a contract to defendant Bridgestone for elastomeric isolation bearings to be used in the seismic rehabilitation of the Los Angeles City Hall; whereas, in fact, plaintiff was the low bidder on the project and should have been awarded the contract. Plaintiff further alleges that defendant City, by failing to comply with its own charter, entered into a secret, noncompetitive negotiation with defendant Bridgestone after the competitive bidding process was at an end. Plaintiff seeks the setting aside of the contract between defendants City and Bridgestone, and the awarding of damages and lost profits to it. Regarding defendant Bridgestone, plaintiff alleges, *inter alia*, unjust enrichment and intentional and negligent interference with its prospective economic advantage, and seeks punitive or exemplary damages.

Plaintiff seeks a writ of mandamus against defendant City, directing defendant City to cease performing on its contract with defendant Bridgestone and to accept plaintiff as the lowest responsible bidder; a declaration that defendant City violated its city charter, and that its contract with defendant Bridgestone is null and void; a declaration that defendants City and Bridgestone are liable to plaintiff for damages; a declaration that defendant Bridgestone is liable to plaintiff for unjust enrichment and intentional and negligent interference with prospective economic advantage; preliminary and permanent injunctions restraining defendants City and Bridgestone from proceeding under the unlawful contract; and compensatory and punitive damages.

Plaintiff has served its first set of interrogatories and requests for admission upon defendant City, and those responses were due August 14, 1995; but defendant City has declined to respond. Defendant Bridgestone has answered, and plaintiff has served a first set of interrogatories and requests for admissions upon defendant Bridgestone, which defendant Bridgestone responded to on or about September 14, 1995. Plaintiff has served subpoenas for the production of documents on certain third parties, A.C. Martin and Nabin Youseff & Associates; but those parties, although indicating they will comply, have not yet responded.

Plaintiff has also served a subpoena for the production of documents on another third party, Lehrer McGovern Bovis, Inc., who has not responded timely and has filed its own Motion for a Protective Order.

Defendant City seeks the stay of all discovery pending resolution of its Motion to Dismiss under Fed.R.Civ.P. 12(b)(6), which is scheduled to be heard by the District Judge on October 2, 1995.

## DISCUSSION

■ Federal Rule of Civil Procedure 26(c) governs the granting of a protective order. A protective order should be granted when the moving party establishes "good cause" for the order and "justice requires [a protective order] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." "A party seeking a stay of discovery carries a heavy burden of making a 'strong showing' why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements. See Wright & Miller, Federal Practice and Procedure, § 2035; A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial, § 11:88." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Ca.1990).

In this case, defendant City has not made a "strong showing"; rather, defendant City merely urges that compliance with plaintiff's discovery request should be stayed pending the District Judge's ruling on its motion to dismiss. Defendant City has done no more than to argue in conclusory fashion that its motion to dismiss will succeed. This "[i]dle speculation does not satisfy Rule 26(c)'s good cause requirement. Such general arguments could be said to apply to any reasonably large civil litigation. If this court were to adopt defendants' reasoning, it would undercut the Federal Rules' liberal discovery provisions.... [¶] Had the Federal Rules contemplated that a motion to dismiss under

Fed.R.Civ.P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Id.*

▆▆▆ "In considering whether a stay of all discovery pending the outcome of a dispositive motion is warranted, a case-by-case analysis is required...." *Hachette Distribution, Inc. v. Hudson County News Company,* 136 F.R.D. 356, 358 (E.D.N.Y.1991). Factors the court should consider include: "[T]he type of motion and whether it is a challenge as a 'matter of law' or the 'sufficiency' of the allegations; the nature and complexity of the action; whether counterclaims and/or cross-claims have been interposed; whether some or all of the defendants join in the request for a stay; the posture or stage of the litigation; the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances." *Id.* Applying these factors to our case, it would not be appropriate to grant defendant City's motion.

At the outset, defendant Bridgestone answered the complaint and has been participating in discovery; thus, even if defendant City's motion were granted, it would not result in the termination of this action. Certain third-parties are responding to discovery requests from plaintiff. Furthermore, even if defendant City is no longer a party to the case, plaintiff and perhaps defendant Bridgestone are likely to continue to conduct discovery with defendant City as a non-party. Staying discovery as to defendant City might also unnecessarily lead to duplicative documents production and depositions. Lastly, for the Magistrate Judge "to make a preliminary finding of the likelihood of success on the motion to dismiss ... would circumvent the procedures for resolution of such a motion." *Gray,* 133 F.R.D. at 40. The Magistrate Judge declines to do that, and prefers to defer to the District Judge to determine whether plaintiff has stated a claim for relief. Accordingly, the Magistrate Judge does not grant defendant City's Motion for a Protective Order to stay discovery.

### ORDER

Defendant City's Motion for Protective Order is DENIED. Defendant City is ORDERED to forthwith, within 72 hours, respond to discovery requests from plaintiff.