

**FILED**
August 11, 2023 04:19 PM
ST-2020-CV-00170
TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**
\*\*\*

| | | |
|---|---|---|
| SHANIKA K. LEWIS, | ) | **CASE NO.: ST-2020-CV-00170** |
| Plaintiff, | ) | |
| v. | ) | **ACTION FOR DAMAGES** |
| DS CONTAINERS, INC. | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

Cite as: 2023 VI Super 44U

## MEMORANDUM OPINION AND ORDER

Pending before this Court are:

1.  DS Containers, Inc.'s Motion to Stay Discovery, filed July 7, 2023;

2.  Plaintiff's Opposition to DS Containers' Motion to Stay, filed July 8, 2023;

3.  DS Containers Inc.'s Reply Brief in Further Support of Motion to Stay filed July 10, 2023;

### I.       Introduction

¶1       Defendant DS Containers, Inc. ("DSC") petitions the Court to stay discovery pending its interlocutory appeal of this Court's June 16, 2023 Memorandum Opinion and Order denying DSC's Motion to Dismiss for Lack of Personal Jurisdiction. Plaintiff Shanika K. Lewis ("Lewis") opposes the stay. The appeal involves the following controlling question of law about which there is substantial ground for difference:

> [W]hether the stream-of-commerce theory of asserting personal jurisdiction (*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)) or the stream-of-commerce plus theory of asserting personal jurisdiction (*Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102 (1987)), as analyzed by this Court in its Opinion is the soundest rule to adopt when determining whether a non-resident defendant has sufficient minimum contacts with the U.S. Virgin Islands for purposes of personal jurisdiction.[1]

After weighing competing interests, the Court finds the balance weighs in favor of proceeding with discovery. For reasons discussed below the Court will deny DSC's Motion to Stay.

---

[1] Order Am. Mem. Op. & Order to Certify Issue for Immediate Appellate Review. June 29, 2023.

## II. Background

¶2    Lewis filed the instant action on March 23, 2020, alleging that she was seriously injured on April 2, 2018, when a pressurized spray can—designed and manufactured by DSC—unexpectedly "fell and abruptly vented, releasing its contents onto the open flames of one of the burners" on her gas stove.[2]

¶3    On June 4, 2020, DSC moved to dismiss Lewis' complaint for lack of personal jurisdiction and on July 21, 2020, DSC moved to stay entry of a pretrial scheduling order and discovery until the disposition of its pending Motion to Dismiss. DSC then chose not to participate in Court-ordered scheduling, discovery, or other issues unrelated to jurisdiction. Meanwhile, the COVID-19 pandemic created interruptions and delays in courts throughout the United States, including the U.S. Virgin Islands. DSC's Motion to Dismiss for Lack of Personal Jurisdiction was finally denied on June 16, 2023. Subsequently, on June 22, 2023, DSC's Motion to Stay was also denied. The Court ordered Lewis and DSC to meet, confer, and propose a discovery plan and scheduling order by July 24, 2023. DSC then filed its Motion to Amend Judgment to Certify the Court's June 16, 2023, Memorandum Opinion for Interlocutory Appeal. This Motion was granted on June 29, 2023. DSC now petitions the Court to stay discovery until the Virgin Islands Supreme Court resolves its pending Motion to Dismiss. At issue is DSC's second Motion to Stay Discovery.

¶4    Defendant DSC argues that discovery could be "futile" if the Supreme Court of the Virgin Islands grants its appeal. Furthermore, DSC asserts that "the nature" of its pending motion supports a stay of merit-based discovery because personal jurisdiction is a threshold issue "that determines whether a court has the power to bind the defendant."[3] DSC also maintains that because the instant case is in its early stages, Lewis will not be prejudiced by a delay in merit-based discovery. Furthermore, DSC avers Lewis chose to file this case in her home district against an out-of-state resident thereby "self-inflicting" any burden associated with a stay.[4]

¶5    Lewis counters by noting that DSC did not argue it would be prejudiced should discovery proceed. Furthermore, Lewis argues it is she who will be unduly prejudiced by unnecessary delay if a stay is granted.[5] Lewis points out that her Complaint against DSC was filed in early 2020 and a stay could delay discovery by several more years "with a trial even further away."[6] Lewis maintains it would be "unduly prejudicial" to add one or more years to "an already delayed case."[7]

---

[2] Compl.

[3] DS Containers' Mot. Stay Disc.

[4] DS Containers' Mot. Stay Disc.

[5] Pl.'s Opp'n DS Containers' Mot. Stay at 3.

[6] Pl.'s Opp'n DS Containers' Mot. Stay at 4.

[7] Pl.'s Opp'n DS Containers' Mot. Stay at 4.

¶6      Applying factors courts use when evaluating whether to stay proceedings,[8] Lewis argues (1) DSC fails to make a showing that it is likely to succeed on appeal; (2) DSC will not be irreparably injured absent a stay; (3) she will be substantially harmed by delay if discovery is stayed; and (4) public interest is best served with the 'orderly disposition of cases in a timely fashion' by allowing discovery to proceed.

¶7      In its response, DSC asserts that "it is incumbent on this Court" to allow the Virgin Islands Supreme Court to either affirm or reverse this Court's previous ruling on its motion "to avoid the parties having to litigate in this forum if DSC's Motion to Dismiss is later deemed to have been improperly denied."[9]

¶8      DSC contends that even using the four-pronged test Lewis recommends, the balance remains in favor of a stay. DSC maintains it will likely succeed on the merits of its appeal since "multiple courts have held that the stream-of-commerce *plus* [test] is the soundest rule when determining whether a non-resident defendant has sufficient minimum contacts to satisfy due process."[10] DSC also argues it will suffer irreparable injury absent a stay because personal jurisdiction is a threshold issue. It contends that the "contours of U.S. Virgin Islands' personal jurisdiction jurisprudence" should be clarified before DSC is "forced to litigate the case in a forum that may not have personal jurisdiction over DSC."[11] DSC further argues due process "would be undermined" if a stay of discovery is not granted, and that engaging in discovery would "create an enormous burden and expense" for DSC.[12] Lastly, DSC asserts public interest is best served with a stay of discovery until pending questions concerning personal jurisdiction and the stream of commerce theory are resolved."[13]

## III.   Legal Standard

¶9      The conduct of discovery has "long been committed to the sound discretion" of the court, including whether to stay discovery.[14] "It is axiomatic that, as a matter of law, trial judges have the inherent power "to control the disposition of the causes on [the court's] docket with economy of time and effort for itself, for counsel, and for litigants."[15] Filing a motion to dismiss

---

[8] *E.g., Vitalis v. Crowley Caribbean Servs., LLC*, No. 120CV00020WALGWC, 2021 WL 4494192 (D.V.I. 2021); *Bustos v. United States*, 2009 U.S. Dist. LEXIS 15928, *1 (D. Colo. February 18, 2009); *Actelion Pharm., Ltd. v. Apotex Inc.*, No. 12-5743(NLH/AMD), 2013 U.S. Dist. LEXIS 135524 (D.N.J. Sep. 6, 2013); *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167 (2d Cir. 2007); *Xinuos, Inc. v. IBM Corp.*, No. 2021-31, 2022 U.S. Dist. LEXIS 75620 (D.V.I. 2022); *String Cheese Incident, Ltd. Liab. Co. v. Stylus Shows, Inc.*, Civil Action No. 05-cv-01934-LTB-PAC, 2006 U.S. Dist. LEXIS 97388, *5-7 (D. Colo. Mar. 30, 2006).

[9] DS Containers' Reply Br. Further Supp. Mot. Stay.

[10] DS Containers' Reply Br. Further Supp. Mot. Stay.

[11] DS Containers' Reply Br. Further Supp. Mot. Stay.

[12] DS Containers' Reply Br. Further Supp. Mot. Stay.

[13] DS Containers' Reply Br. Further Supp. Mot. Stay.

[14] *Codrington v. Steadfast Ins. Co.*, No. 1:19-cv-00026-MEM-EAH, 2023 U.S. Dist. LEXIS 34429, *14 (D.V.I. March 2, 2023) (citations omitted).

[15] *Pedro v. Ranger American of the Virgin Islands, Inc.*, 63 V.I. 511, 527 (citing *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005)) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)). *See*

does not stay discovery in the action "unless the judge so orders."[16] "The fact that the issuance of a stay is left to the court's discretion 'does not mean that no legal standard governs that discretion . . . .' [A] motion to [a court's] discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles.'"[17]

¶10 Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems."[18] However, "[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."[19] "In certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile."[20] "Such a stay is not, however, automatically granted whenever a motion to dismiss is pending and is rarely appropriate when the pending motion will not dispose of the entire case."[21] The movant for a stay of proceedings "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay ... will work damage to [someone] else."[22] In exercising its judgment, a Court "must weigh competing interests" and strive to "maintain an even balance" of hardships with respect to the movant and non-movant,[23] mindful that the stay of a civil proceeding constitutes "an 'extraordinary remedy.'"

*also Cenni v. Estate Chocolate Hole Landowners Ass'n*, No. ST-15-CV-383, 2016 V.I. LEXIS 98 *16-17 (Super. Ct. July 18, 2016).

[16] *See Bank of Nova Scotia v. Flavius*, 2018 V.I. LEXIS 14, *14-15; *see also* V.I.R. Civ. P. 26(d)(4) ("The filing of any motion – including potentially dispositive motions such as a motion to dismiss or a motion for summary judgment – shall not stay discovery in the action unless the judge so orders."); 4 V.I.C. § 33.

[17] *Nken v. Holder*, 556 U.S. 418, 434-35 (2009) (citations omitted).

[18] *Codrington v. Steadfast Ins. Co.*, No. 1:19-cv-00026-MEM-EAH, 2023 U.S. Dist. LEXIS 34429, *14-15 (D.V.I. Mar. 2, 2023) (citing *Worldcom Techs., Inc. v. Intelnet Int'l, Inc.*, 2002 WL 1971256, *6 (E.D. Pa. Aug. 22, 2002)) (internal quotation marks omitted).

[19] *Victoria's Secret Stores Brand Mgmt. v.Bob's Stores, LLC*, 2014 U.S. Dist. LEXIS 34503, *5 (S.D. Ohio 2014) (citations omitted); *Cenni v. Estate Chocolate Hole Landowners Ass'n*, 2016 V.I. LEXIS 98 (V.I. Super. Ct. July 18, 2016).

[20] *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009)) ("Because respondent's complaint is deficient under Rule 8 he is not entitled to discovery.").

[21] *Vitalis v. Crowley Caribbean Servs.*, 2021 U.S. Dist. LEXIS 188277, *4; *see also Coca-Cola Bottling Co. v. Grol*, CIVIL ACTION NO. 92-7061, 1993 U.S. Dist. LEXIS 3734, *6 (E.D. Pa. Mar. 3, 1993); *Pennsylvania v. Navient Corp.*, 348 F. Supp. 3d 394, 401 (M.D. Pa. 2018) ("A stay of discovery is not appropriate solely because a motion to dismiss is pending."); LRCi 26.6 (discovery not automatically stayed upon filing of a Rule 12 motion to dismiss); *Codrington v. Steadfast Ins. Co.*, 2023 U.S. Dist. LEXIS 34429, *14-15 (D.V.I. March 2, 2023).

[22] *Actelion Pharm., Ltd. v. Apotex Inc.*, No. 12-5743(NLH/AMD), 2013 U.S. Dist. LEXIS 135524 (D.N.J. Sep. 6, 2013) (quoting *Landis v. North American Company*, 299 U.S. 248, 255 (1936)); *Vitalis v. Crowley Caribbean Servs.*, 2021 U.S. Dist. LEXIS 188277, *4; *see also Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied.").

[23] *Akishev v. Kapustin*, 23 F.Supp. 3d 440, 445 (D.N.J. 2014) (citations omitted); *Codrington v. Steadfast Ins. Co.*, 2023 U.S. Dist. LEXIS 34429, *14 (D.V.I. March 2, 2023) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254,55 (1936); *Vitalis v. Crowley Caribbean Servs.*, 2021 U.S. Dist. LEXIS 188277, *2 (D.V.I. September 30, 2021).

¶11    In deciding a motion to stay discovery, Courts should consider the following factors:

(1) Whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party;
(2) Whether denial of the stay would create a clear case of hardship or inequity for the moving party;
(3) Whether a stay would simplify the issues and the trial of the case; and
(4) Whether discovery is complete and/or a trial date has been set.[24]

Alternatively, in issuing a stay pending appeal, Courts also use the following factor test:

(1) Whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
(2) Whether the applicant will be irreparably injured absent a stay;
(3) Whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
(4) Where the public interest lies.[25]

"The degree to which a factor must be present varies with the strength of the other factors, meaning that 'more of one [factor] excuses less of the other.'"[26]

## IV.    Analysis.

¶12    The Court considers both tests in balancing competing interests of the parties.

### A. Test Factors for Granting a Stay

### (1) A stay would unduly prejudice Lewis

¶13    The first factor evaluates whether a stay would unduly prejudice or present a clear tactical disadvantage to Lewis, the non-moving party. DSC argues that any burden associated with a delay is of Lewis' own doing because of her choice to file suit in her home jurisdiction where DSC arguably is not subject to the court's personal jurisdiction."[27] The matter at issue is whether granting Defendant's Motion to Stay Discovery would unduly delay the proceedings and/or

---

[24] *Ainger v. Great Am. Assur. Co.*, 2022 U.S. Dist. LEXIS 138806, *1 ("In the Third Circuit, when deciding whether to exercise discretion to grant a stay of discovery after a dispositive motion has been filed, courts weigh four considerations. . . ."); *see also Vitalis v. Crowley Caribbean Servs.*, 2021 U.S. Dist. LEXIS 188277, *2-3; *Actelion Pharms., Ltd.*, No. 12-5743(NLH/AMD), 2013 U.S. Dist. LEXIS 135524, *11 (D.N.J. Sep. 6, 2013); *Xinuos, Inc. v. IBM Corp.*, No. 2021-31, 2022 U.S. Dist. LEXIS 75620, *4 (D.V.I. 2022).

[25] *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (citations and footnote omitted); *see also Nken v. Holder*, 556 U.S. 418, 418 (2009).

[26] *In re World Trade Ctr. Disaster Site Litig* at *170 (citations omitted.).

[27] DS Containers' Reply Br. Further Supp. Mot. Stay.

prejudice Plaintiff. The Court will not consider Lewis' decision to file complaints where her injury occurred as "self-inflicted" delay or prejudice.

¶14    Lewis argues that a stay of merit-based discovery at this stage in the litigation would be unduly prejudicial to her by adding further delay to a case that has already been pending for over three years now. Lewis asserts that the appellate process could take anywhere from one to two years – or longer – regardless of whether the U.S. Virgin Islands Supreme Court grants DSC's request to hear its appeal or not.[28] Lewis also notes that one of her attorneys has passed away since her case was initially filed.[29] Lewis relies on *Republic of Colombia v. Diageo N. Am. Inc.*, where the Court declined to stay discovery pending an interlocutory appeal because it would add an additional delay of several years to a case that had already been pending for three years. [30]

¶15    DSC asserts that Lewis is not substantially injured by a stay since she can continue to litigate her case against the other defendant party, Conagra, while DSC's appeal is pending as the two cases have now been severed. Lewis counters that the cases were severed in order to protect against the same prejudicial delay she now faces if DSC's Motion to Stay Discovery is granted.

¶16    DSC cites *Victoria's Secret Stores Brand Mgmt. v. Bob's Stores, LLC.* In *Victoria's*, a partial stay was granted for "non-jurisdictional" discovery while the Court considered a Motion to Dismiss for Lack of Personal Jurisdiction. Limited jurisdictional discovery was allowed to proceed. The Court in *Victoria's* embraced the argument of self-inflicted prejudice and found a "slight" delay weighed in favor of a stay.[31] Distinguishable from *Victoria's*, a delay in the instant case likely means at least one to two years,[32] which is more than a "slight" delay. Furthermore, this Court previously recognized that Lewis would suffer prejudice by delay when making its decision to sever the cases after DSC moved for an interlocutory appeal.[33] As Lewis notes, if this court were to stay discovery at this time and the U.S. Virgin Islands Supreme Court accepts DSC's case– which is likely–and then denies DSC's interlocutory appeal, it might be 2025 before discovery may begin on this case—five years after it was filed.[34]

¶17    As addressed above, the Court does not find DSC's argument—that Lewis is responsible for delay and prejudice by suing in this Court—persuasive. Furthermore, this matter, now severed is separate from the Conagra matter. The Court finds the potential delay of several years created by a stay of discovery would unduly prejudice Lewis. Accordingly, in the interest of

[28] Pl.'s Opp'n DS Containers' Mot. Stay at 4; Ex. 1 Joel Holt Decl. ¶¶4-5.

[29] Pl.'s Opp'n DS Containers' Mot. Stay at 4.

[30]*See Republic of Colom. v. Diageo N. Am., Inc.*, 619 F. Supp. 2d. 7, 13 (E.D.N.Y. 2007) ("If this court were to stay discovery at this time and the Court of Appeals accepted and then denied Defendants' interlocutory appeal, it might be 2009 before discovery began on this case—which was filed in 2004."). *See* Pl.'s Opp'n DS Containers' Mot. Stay at 4.

[31] *Victoria's Secret Stores Brand Mgmt. v. Bob's Stores LLC*, No. 2:13-cv-1261, 2014 U.S. Dist. LEXIS 34503, *7 (S.D. Ohio Mar. 17, 2014).

[32] Pl.'s Opp'n DS Containers' Mot. Stay at 4.

[33] Order June 29, 2023.

[34] Pl.'s Opp'n DS Containers' Mot. Stay at 4; Ex. 1 Joel Holt Decl. ¶¶4-5.

judicial efficiency and fairness to the parties, the Court finds this factor weighs in favor of proceeding with discovery.

### (2) Denial of a stay of merit-based discovery will not create a clear case of hardship or inequity for DSC.

¶18     This factor considers whether denial of the stay would create a clear case of hardship or inequity for DSC, the moving party. In evaluating whether a stay is appropriate, "a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery."[35] "A party seeking stay of discovery must make a strong showing of why discovery should be denied."[36]

¶19     DSC argues that the absence of a stay would undermine "due process considerations that personal jurisdiction is designed to protect" because personal jurisdiction is a threshold issue.[37] DSC also claims discovery will create an "enormous burden and expense" since it has never been sued in the U.S. Virgin Islands, it has no offices or real property in the Virgin Islands, and its witnesses and documents are located in Illinois.[38]

¶20     DSC relies heavily on *Victoria's Secret Stores Brand Mgmt. v. Bob's Stores.* Like the movant in *Victoria's,* DSC contends that a stay of discovery is appropriate because personal jurisdiction is "a threshold issue that determines whether the Court can bind" DSC and, therefore, should be resolved before discovery. In balancing equities, the Court in *Victoria's* found that the threshold issue weighed in favor of staying "non-jurisdictional" discovery while the defendant's motion to dismiss was pending.[39]

¶21     DSC also cites *Citizens Bank v. Parnes.*[40] The case is not on point, but its ruling is, and this Court agrees, in the context of *Citizens Bank,* that "personal jurisdiction over a defendant is a threshold issue that must be present to support any subsequent order of the [court] . . . ."[41] However, *Citizens Bank* does not even mention discovery. The presence of a threshold issue is

---

[35]*DSM Desotech, Inc. v. Momentive Specialty Chems., Inc.,* 2015 U.S. Dist. LEXIS 158632, *30 (S.D. Ohio November 24, 2015) (citation omitted.).

[36] *Vitalis v. Crowley Caribbean Servs.,* No. 1:20-cv-00020-WAL-GWC, 2021 U.S. Dist. LEXIS 188277, *3 (D.V.I. Sep. 30, 2021) (citing *Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D. Cal. 1990)).

[37] DS Containers' Reply Br. Further Supp. Mot. Stay.

[38] DS Containers' Reply Br. Further Supp. Mot. Stay.

[39] *Victoria's Secret Stores Brand Mgmt. v. Bob's Stores,* LLC, 2014 U.S. Dist. LEXIS 34503, *6 (S.D. Ohio 2014).

[40] *Citizens Bank v. Parnes,* 376 F. App'x 496, 501 (6th Cir. 2010).

[41] *Citizens Bank v. Parnes,* 376 F. App'x 496, 498 (6th Cir. 2010). In *Citizens,* plaintiff bank had sued defendant guarantor to enforce a guaranty given by defendant. In an ex parte discussion with the judge's case manager, former defense counsel was told that he could have additional time to file an answer. Meanwhile, plaintiff moved for entry of default and a default judgment was entered. Defendant's motion to set aside the default judgement was denied by the district court and defendant appealed. On appeal, defendant argued the lower court lacked personal jurisdiction. The appeals court affirmed the lower court's decision stating that personal jurisdiction over a defendant is a threshold issue that must be present to support any subsequent order of the district court, including entry of the default judgment. Discovery was not at issue here.

only one of the variables within this matter and only one of the factors a court must balance when evaluating whether to grant a stay.[42] The presence of a threshold issue does not justify an automatic stay on its own.[43]

¶22    DSC also cites *Bustos v. United States* for support.[44] Unlike the instant action, *Bustos* involved federal defendants who filed a Motion to Dismiss and a Motion to Stay contemporaneously. The motion to dismiss raised jurisdictional bars for dismissal based upon qualified immunity, sovereign immunity, and lack of subject matter and personal jurisdiction, which weighed heavily in the Court's decision to stay discovery.[45] The Court in *Bustos* focused on jurisdictional immunity as the plaintiff had sued under *Bivens*, the Federal Tort Claims Act, and Title 18 U.S.C.S. § 4042. Where a government official is a defendant, particularly when immunity is raised in the motion to dismiss, courts are more likely to apply the auto-stay rule or to grant a stay based on a balancing of interests.[46] *Bustos* is not applicable. The Supreme Court has specifically addressed discovery in the qualified immunity context, stating that immunity is a threshold issue and discovery should *not* be allowed until the threshold question of immunity is resolved.[47] The instant case does not involve jurisdictional immunity issues with federal defendants.

¶23    DSC also relies upon *Mann v. Brenner*.[48] However, *Mann* involved a 12(b)(6) motion to dismiss *for failure to state a claim* where discovery would potentially be futile if the

---

[42] *See Coinbase, Inc. v. Bielski*, 216 L.Ed.2d 671, 685 (U.S. 2023) (Jackson. J., dissenting) ("[T]he background rule is that courts have case-by-case discretion regarding whether or not to issue a stay. '[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket.' That power is discretionary—it 'calls for the exercise of judgment, which must weigh competing interests' in each particular case.") (citing *Landis* v. *North American Co.*, 299 U. S. 248, 254-255 (1936)).

[43] "When a federal court of appeals conducts interlocutory review of a trial court order, the rest of the case remains at the trial court level. Usually, the trial judge then makes a particularized determination upon request, based on the facts and circumstances of that case, as to whether the remaining part of the case should continue unabated or be paused (stayed) pending appeal. This discretionary decision making promotes procedural fairness because it allows for a balancing of all relevant interests." *Id.* at 685-686. (Jackson, J., dissenting.).

[44] *Bustos v. United States*, Civil Action No. 08-cv-00153-LTB-MEH, 2009 U.S. Dist. LEXIS 15928 (D. Colo. Feb. 18, 2009).

[45] "There can be no doubt that Plaintiff has an interest in proceeding expeditiously, but his interest is offset by the federal defendants' burden and the law supporting a stay of discovery in similar cases. Here, the federal defendants' Motion to Dismiss asserts jurisdictional grounds for dismissal, based upon qualified immunity, sovereign immunity, and lack of subject matter and personal jurisdiction. Courts have routinely held that discovery should be stayed while the issues related to jurisdiction are being resolved." *Id.* at *8-9.

[46] *See, e.g., Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953-54 (2009); *see also Behrens v. Pelletier*, 516 U.S. 299, 308, 116 S. Ct. 834, 133 L. Ed. 2d 773 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending).

[47] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (suggesting that, until threshold question of qualified immunity is settled in a suit against a public official, unrestricted discovery should not be permitted); *see also Dynamic Image Techs., Inc. v. United States*, 221 F.3d 34, 38 (1st Cir. 2000)) (noting that "uncontrolled discovery poses a special threat" when directed at federal government officials and that "compelling public policy reasons support stringent limitations on discovery pending resolution of threshold jurisdictional questions").

[48] *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010).

motion did not survive. In contrast, the pending motion here determines a Constitutional difference of opinion pertaining to V.I. R. Civ. P. 12(b)(2) lack of personal jurisdiction. *Mann* simply does not apply.[49]

¶24    The Court is not persuaded that simply because personal jurisdiction is a threshold issue, the absence of a stay will undermine "due process considerations that personal jurisdiction is designed to protect" if discovery proceeds.  Where threshold issues are part of the motion to dismiss, courts apply more scrutiny and give greater weight to the concern that discovery burdens would ultimately prove unnecessary or inequitable; however, requests for stays pending resolution of motions that do not go to the merits of the case are simply not compelling.[50]

¶25    DSC also contends it will incur "an enormous burden and expense" if it engages in discovery during the pending interlocutory appeal.[51] The Court finds this burden of "enormous expense" difficult to reconcile with the fact that DSC employs two attorneys stateside – admitted *pro hac vice* in the U.S. Virgin Islands specifically for this case – in addition to two local attorneys. DSC does not provide details as to why the expense or burden of discovery would be any different if it proceeds now or after the pending appeal.  Further, all witnesses are not located in Illinois, as DSC asserts.

¶26    Lastly, the relevance of discovery to DSC having never been sued in the Virgin Islands, owning no property in the Virgin Islands, or having no offices in the Virgin Islands is unclear and unpersuasive. This is not a situation where DSC may be found not to be a proper defendant—DSC manufactured the allegedly defective can that allegedly caused Lewis' injuries.

¶27    The Court is not persuaded that DSC will experience a clear hardship or inequity absent a stay. DSC's failure to articulate concrete evidence of hardship or inequity favors proceeding with discovery.

### (3) A stay would not simplify the issues and the trial of the case.

¶28    This third factor evaluates whether a stay would simplify the issues and the trial of the case. DSC contends that a stay could do away with or "obviate" the expense and resources required for a trial on the merits.[52] DSC relies upon *Xinuos, Inc. v. Int'l Business Macines Corp.*[53]

---

[49] In *Mann*, defendant's 12(b)6 Motion was granted, and defendant appealed. The trial court's decision was affirmed because granting the motion would have been futile since the complaint was found to be deficient. "A motion to dismiss based on failure to state a claim for relief should … be resolved before discovery begins." *Mann v. Brenner*, 375 Fed. Appx. 232, 239 (3d Cir. 2010).

[50] *See DSM Desotech, Inc. v. Momentive Specialty Chems., Inc.*, 2015 U.S. Dist. LEXIS 158632, *32 (S.D. Ohio November 24, 2015).

[51] DS Containers' Reply Br. Further Supp. Mot. Stay.

[52] DS Containers' Reply Br. Further Supp. Mot. Stay.

[53] *Xinuos, Inc. v. Int'l Bus. Machines Corp.*, No. CV 2021-31, 2022 WL 1224445, *1 (D.V.I. Apr. 26, 2022) (Discovery stayed pending a motion to transfer venue related to a copyright infringement complaint.).

and *Mann v. Brenner*[54] stating "[i]n certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile."[55] As discussed above, *Mann* is distinguishable because it involved a motion to dismiss for failure to state a claim. *Xinuos,* on the other hand, involved a motion to transfer venue. The Court in *Xinuos* used the same four-factor test applied here to stay discovery. However, in *Xinuos*, not one witness or relevant third party was present in the contested venue, and discovery, which both parties agreed involved technical complexities, had not yet begun. This is distinguishable from the instant case as there is no claim of complex discovery, jurisdictional discovery has been completed, and Lewis' injuries occurred in this jurisdiction where witnesses also reside.

¶29　　DSC also cites *Actelion Pharm., Ltd. v. Apotex Inc.*[56] In *Actelion*, an anti-trust case, plaintiffs petitioned the court to determine whether they had a legal duty to supply certain patented pharmaceutical products to potential rivals that manufacture generic drugs. The recognized complexity of discovery in anti-trust cases favored a stay pending plaintiff's dispositive motion. In addition, some of the defendants concurred with plaintiff that a favorable resolution of plaintiff's motion would end litigation and the Court found this also weighed in favor of a stay.[57] Lewis does not concede as such.[58]

¶30　　In general, this Court agrees that the filing of a dispositive motion may support a stay of discovery "where the resolution of the dispositive motion may narrow or outright eliminate the need for discovery,"[59] and that the balance will generally lean in favor of staying discovery "where a pending motion has the potential to dispose of the entire case."[60] However, the fact that

---

[54] *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010).

[55] *Xinuos, Inc. v. Int'l Bus. Machines Corp.*, No. CV 2021-31, 2022 WL 1224445, *1 (D.V.I. Apr. 26, 2022).

[56] DSC also cites *Actelion Pharm., Ltd. v. Apotex Inc.*, No. 12-5743(NLH/AMD), 2013 U.S. Dist. LEXIS 135524, *2 (D.N.J. Sep. 6, 2013) (The filing of a dispositive motion may support a stay of discovery "where the resolution of the dispositive motion may narrow or outright eliminate the need for discovery.") In *Actelion*, an anti-trust case, stay of discovery was granted where Plaintiffs and some of the Defendants agreed that a favorable resolution of Plaintiffs' dispositive motion would end litigation. The Court also noted complexity of discovery in anti-trust cases favored a stay. Plaintiffs had sought a determination of whether they had a legal duty to supply certain patented pharmaceutical products to potential rivals that manufacture generic drugs.

[57] Plaintiffs sought determination of whether they had a legal duty to supply certain patented pharmaceutical products to potential rivals that manufactured generic drugs. *See Actelion Pharm., Ltd. v. Apotex Inc.*, No. 12-5743(NLH/AMD), 2013 U.S. Dist. LEXIS 135524 (D.N.J. Sep. 6, 2013).

[58] *Actelion Pharm., Ltd. v. Apotex Inc.*, No. 12-5743(NLH/AMD), 2013 U.S. Dist. LEXIS 135524, *20-21 (D.N.J. Sep. 6, 2013).

[59] DS Containers,' Mot. Stay Discovery (citing *Actelion Pharm., Ltd. v. Apotex Inc.*, No. 12-5743(NLH/AMD), 2013 U.S. Dist. LEXIS 135524, *5 (D.N.J. Sep. 6, 2013).

[60] DS Containers' Reply Br. Further Supp. Mot. Stay (citing *Pfizer Inc. v. Johnson & Johnson*, No. 17-cv-4180, 2018 U.S. Dist. LEXIS 31690 (E.D. Pa. Feb. 26, 2018)). In *Pfizer*, Defendants moved to dismiss for failure to state a claim. Plaintiff had alleged Defendants engaged in anticompetitive conduct in violation of federal antitrust laws. Shortly thereafter, Defendants moved to stay discovery until the Court resolved their pending Motion to Dismiss. In balancing harms, the Court granted the stay because the scope of discovery was "a large and costly undertaking" that outweighed the harm to plaintiff. "As with many antitrust cases, the scope of discovery in this case will likely be enormous." *Id.* at *3. "We also consider, and do not take lightly, [Plaintiffs] interest in a speedy resolution of this case. Beyond this interest, however, we find that Defendants' requested stay of discovery will not prejudice [Plaintiff] in a significant way." *Id.* at *4.

a party has filed a case-dispositive motion – on its own – is usually deemed insufficient to support a stay of discovery.[61] In certain circumstances, the nature of a dispositive motion "may be such that any resultant resolution may have little impact on the ultimate scope of discovery. Thus, this factor requires an individual determination in light of the specific circumstances of a given case."[62] Here, DSC contends that, if the Court grants its appeal, "discovery would be futile"[63] and that its appeal will "eliminate or narrow the need for discovery."[64] The Court disagrees.

¶31 Discovery will be useful regardless of the pending appeal. Because some types of Rule 12 motions do not go to the merits of the case, but only to the forum in which it proceeds, there is less reason to stay discovery pending their outcome. These include motions to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, or improper venue. Any discovery taken while such a motion is pending would, of course, be available for the parties to use if the case is dismissed other than on the merits and then refiled in a Court where jurisdiction is proper.[65] DSC cites several other cases in support, but they are unhelpful as they mostly involve motions to dismiss for deficient complaints that would terminate litigation if granted, as opposed to personal jurisdiction challenges as is the case here.[66]

---

[61] *See DSM Desotech, Inc. v. Momentive Specialty Chems., Inc.*, No. 2:15-cv-70, 2015 U.S. Dist. LEXIS 158632 (S.D. Ohio Nov. 24, 2015).

[62] *Id.* at *20.

[63] DS Containers' Mot. Stay Disc.

[64] DS Containers' Reply Br. Further Supp. Mot. Stay.

[65] *See DSM Desotech, Inc. v. Momentive Specialty Chems., Inc.*, 2015 U.S. Dist. LEXIS 158632, *31-32 (S.D. Ohio November 24, 2015) ("Even if [Defendant's] Motion to Dismiss for Lack of Personal Jurisdiction was granted, the dismissal would be without prejudice to refile in an appropriate jurisdiction. Thus, the merits-based discovery at issue will be available for use in any subsequent action, and granting a stay will only delay the resolution of Plaintiffs' claims against [Defendant]."). Plaintiffs in *DSM Desotech* filed an action alleging patent infringement against out-of-state Defendant. Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction and subsequently filed a Motion to Stay Discovery arguing that a stay was warranted given that the case was in the early stages of litigation and the pending Motion to Dismiss involved the threshold issue of personal jurisdiction. *Id.* at *16.

[66] *See Spencer v. Wetzel*, No. 3:CV-12-616, 2012 U.S. Dist. LEXIS 100059, *3 (M.D. Pa.) (granting stay of discovery where Defendants filed a 12 (b)(6) Motion to Dismiss; noting "some or all of the Plaintiffs claims against the Defendants may be eliminated or narrowed by the Court's ruling" on the pending motion); *Pfizer Inc. v. Johnson & Johnson*, No. 17-cv-4180, 2018 U.S. Dist. LEXIS 31690 (E.D. Pa. Feb. 26, 2018) (stay granted pending motion to dismiss for failure to state a claim); *Weisman v. Mediq, Inc.*, CIVIL ACTION NO. 95-1831, 1995 U.S. Dist. LEXIS 5900 at *5-6 (E.D. Pa. May 3, 1995) (finding stay of non-self-executing discovery appropriate where the motion to dismiss was comprehensive – addressing both federal claims and all state claims – and could be decided on the pleadings "potentially leading to dismissal of the entire action" or narrowing discovery to any viable claims with no significant prejudice to plaintiff); *Mann v. Brenner*, 375 F. App'x 232 at *239 (3d Cir. 2010) (citing to *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)) ("The idea that discovery should be permitted before deciding a motion to dismiss is unsupported and defies common sense [because t]he purpose of F.R.Civ.P. 12(b)(6) [Motion to Dismiss for Failure to State a Claim] is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."). *But see 19th St. Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 349 (E.D. Pa. 2000) (denying stay of discovery where motion pending was on jurisdictional grounds because a stay "would be potentially fatal to plaintiffs' cause while proceeding with depositions would only be burdensome to defendants"; finding expense of discovery to be modest and "defendants are apparently well heeled entities represented by able counsel"); *Coca-Cola Bottling Co. v. Grol*, 1993 U.S. Dist. LEXIS 3734, * 6-8 (E.D.Pa) (denying Motion to Stay Discovery pending 12(b)6 Motion to Dismiss where Plaintiff may be able to amend the

¶32     There is an expected associated expense with any discovery process, and DSC fails to demonstrate how delaying discovery will "obviate" the "expense and resources" required for a trial on the merits in the instant case. Unlike in *Actelion* and in *Xinuos*, there are neither claims of complexity in discovery nor do either of the parties claims this matter to be a complex case requiring exorbitant amounts of discovery.[67] As discussed above, discovery will prove useful in any final jurisdiction. In fact, if DSC was not a even party to this case, circumstances are such that Lewis could subpoena discovery from DSC, since DSC manufactured the allegedly defective can that allegedly caused Lewis' injuries. The Court finds this factor favors proceeding with discovery.

## (4) Discovery is neither complete nor has a trial date been set.

¶33     This fourth factor requires the Court to consider the state of current discovery and whether a trial date has been set. Here, discovery is in its infancy and no trial date has been set. DSC relies upon *Victoria's Secret Stores Brand Mgmt. v. Bob's Stores* where the Court found this factor weighed in favor of a stay.[68] Alternatively, when weighing this factor, the Court in *Actelion* noted proceedings were at an early stage when it granted a stay, but it also considered the "temporal proximity" of the filing dates between the Complaint and the Motion to Stay, which was a time frame within four months. In *Victoria's*, it was less than three months.[69] In contrast here, the time frame is over three years. *Victoria's* is also distinguishable in that even jurisdictional discovery had not yet begun. Here, it has. The Court notes that DSC unilaterally declined to participate in court-ordered proceedings outside of the jurisdictional issue in early 2020, and again in 2023, despite U.S. Virgin Islands Rules of Civil Procedure and the Virgin Islands Code specifically instructing parties that discovery may not be stayed unless so ordered by a judge.[70] Filing a motion does not entitle the movant to a stay.[71] The Court also notes that DSC is currently litigating

---

complaint," and other defendants did not seek a stay of discovery or file dispositive motions, "so even if the Court granted [Defendant's] motion, the action would continue").

[67] *See Xinuos, Inc. v. IBM Corp.*, No. 2021-31, 2022 U.S. Dist. LEXIS 75620, *8 (D.V.I. 2022) ("Discovery, particularly in antitrust cases, can be extremely expensive."). *See also Actelion Pharm., Ltd. v. Apotex Inc.*, No. 12-5743(NLH/AMD), 2013 U.S. Dist. LEXIS 135524, *14 (D.N.J. Sep. 6, 2013) (recognizing under the hardship factor that the potential high cost of discovery in antitrust cases "establishes a specific and substantiated risk of harm" weighing in favor of a stay).

[68] *Victoria's Secret Stores Brand Mgmt. v. Bob's Stores LLC*, No. 2:13-cv-1261, 2014 U.S. Dist. LEXIS 34503, *6 (S.D. Ohio Mar. 17, 2014).

[69] *Id.*

[70] Pl.'s Opp'n DS Containers' Mot. Stay n. 1, Ex. 1 Joel Holt Decl. ¶3. *See* V.I.R. Civ. P. 26(d)(4); V.I.C. §33(c); *see also PlayUp, Inc. v. Mintas*, No. 221CV02129GMNNJK, 2022 WL 10967692 (D. Nev. 2022) ("If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal . . . . The filing of a motion to stay does not impact the obligation to proceed; only an order granting such relief imposes a stay.")(citations omitted); *Actelion Pharm., Ltd. v. Apotex Inc.*, No. 12-5743(NLH/AMD), 2013 U.S. Dist. LEXIS 135524, *12 (D.N.J. Sep. 6, 2013) ("[I]t is well settled that the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay.") (citations omitted).

[71] *McKenzie v. Hess Oil Virgin Islands Corp.*, 2019 VI SUPER 31, ¶ 17, 70 V.I. 210, 221 (citing *Mitchell v. Gen. Eng'g Corp.*, 67 V.I. 271, 287 (Super. Ct. 2017) ("[F]iling a motion does not stay discovery, suspend deadlines, or automatically excuse the movant from complying with prior court orders.").

"approximately 100 similar claims in multiple states."[72] Because of circumstances contributing to delay in this case and the significance of the discovery, this factor's effect is neutral.

## B. Test Factors for Granting a Stay Pending Appeal

### (1) DSC has not made a strong showing on likelihood of success on the merits.

¶34    This factor considers whether DSC has made a strong showing that it is likely to succeed on the merits of its appeal. DSC argues it is likely to succeed, stating "multiple courts have held that stream-of-commerce *plus* is the soundest rule when determining whether a non-resident defendant has sufficient minimum contacts to satisfy due process."[73] DSC also points out that there is a substantial basis for a difference of opinion as to whether the stream-of-commerce theory under *World Wide Volkswagen* applies in the U.S. Virgin Islands because the U.S. Supreme Court failed to establish a majority view in subsequent cases and circuit courts are split on the issue.[74] However, these points alone do not provide a strong showing that DSC is likely to succeed on the merits. They simply demonstrate the issue is contentious. Multiple courts – including this one – consider *World Wide Volkswagen* to be controlling. The Virgin Islands Supreme Court holds supreme judicial power of the Territory,[75] and as the final authority on the interpretation of U.S. Virgin Islands law, it will decide which stream of commerce test will apply to the U.S. Virgin Islands. The effect of this factor is neutral.

### (2) DSC is not irreparably injured absent a stay.

¶35    This factor evaluates whether the applicant, DSC, will be irreparably injured absent a stay. "A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case."[76] DSC argues that it will suffer irreparable injury in the absence of a stay because personal jurisdiction is a threshold issue, and having to engage in discovery while its interlocutory appeal is pending would create "enormous burden and expense." In response, Lewis contends DSC will not be irreparably injured since it is currently litigating "approximately 100 similar claims in multiple states."[77] DSC does not dispute this.

¶36    Lewis contends that the legal expenses DSC will incur conducting discovery are not sufficiently injurious to justify a stay. The Court agrees. DSC manufactured the can that allegedly caused Lewis' alleged injuries and DSC is no stranger to this case having litigated similar claims in multiple states. DSC does not provide details as to how engaging in discovery while its interlocutory appeal is pending would create "enormous burden" to the point of irreparable injury. Discovery here does not appear to be ultimately unnecessary or inequitable. As discussed earlier,

---

[72] Pl.'s Opp'n DS Containers' Mot. Stay at 3.

[73] DS Containers' Reply Br. Further Supp. Mot. Stay.

[74] DS Containers' Reply Br. Further Supp. Mot. Stay.

[75] 4 V.I.C. §21; *see Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967, 978 (2011).

[76] *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal citations omitted).

[77] Pl.'s Opp'n DS Containers' Mot. Stay at 3.

a stay of discovery is unlikely to "obviate" the expense and resources required for a trial on the merits. The Court is not persuaded that DSC will suffer irreparable injury in the absence of a stay and finds this factor weighs in favor of proceeding with discovery.

### (3) Whether issuance of the stay will substantially injure the other parties interested in the proceeding.

¶37     DSC and Lewis are the only parties to the discovery proceedings. The Court found a stay would unduly prejudice Lewis as discussed above in the first test factor of the analysis: "Whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party."

### (4) The public interest is best served by timely disposition of cases.

¶38     This final factor considers where the public interest lies. DSC argues that public interest "lies in resolving" whether the stream-of-commerce theory applies and "which variation applies" before it is "compelled to litigate in this forum." DSC asserts that the appeal will provide necessary clarity to courts and parties "having to grapple with this issue."[78] In contrast, Lewis argues that public interest is best served with the "orderly disposition of cases in a timely fashion" by allowing discovery to proceed.[79] Both arguments weigh in the public interest. Public interest favors proceeding with discovery. A stay would simply delay the expense associated with discovery and trial. However, this Court found, as discussed above, this case is already over three years old. The appeal, if taken up by the Virgin Islands Supreme Court, will add a significant additional delay. Under these circumstances, it is unclear how allowing discovery to proceed will interfere with "providing guidance to other courts and parties" during this interim period since it is now a matter in the hands of the Virgin Islands Supreme Court until resolved. Discovery will be useful in either jurisdiction, and judicial efficiency is hardly served by forcing court proceedings to a complete halt for several years in a case that has already been pending for over three years. The Court concludes that public interest favors permitting discovery to proceed thereby hastening progress to the extent currently possible in this case.[80] This factor weighs in favor of proceeding with discovery.

## V.     Conclusion

¶39     In balancing competing interests as reasoned above, the Court finds the circumstances of the instant case do not justify a stay of discovery. Discovery is unlikely to prove wasteful, and any risk is outweighed by the harms associated with delay. The Court finds that judicial efficiency and fairness to the parties would be best served by allowing discovery to proceed.

---

[78] DS Containers' Reply Br. Further Supp. Mot. Stay.

[79] Pl.'s Opp'n DS Containers' Mot. Stay at 5.

[80] *See Wallace v. Kmart Corp.*, 2010 U.S. Dist. LEXIS 153331, *6 ("The public interest is served by the matter moving forward and proceeding with expediency to resolution.").

*Shanika K. Lewis v. DS Containers, Inc.*
**Case No. ST-2020-CV-170**
**Memorandum Opinion and Order**
**Page 15 of 15**

2023 VI Super 44U

Accordingly, it is

**ORDERED** that DS Containers, Inc.'s Motion to Stay Discovery is **DENIED;** and it is further

**ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to counsel of record.

DATED: August **11** , 2023

**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

BY: _____

**LATOYA CAMACHO**
Court Clerk Supervisor _8_ / _11_ / _23_